D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

SONIA POZOS, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

TWO DIMITRIS CORP. d/b/a GYRO WORLD, and DIMITRIS PETRIDIS,

    Defendants.

-----------------------------------------------------------x

INDEX NO.

**COMPLAINT**

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.  Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Two Dimitris Corp. ("Gyro World") is a New York corporation that operates two Gyro World restaurants in Queens, New York.

4. Upon information and belief, Two Dimitris Corp. has an annual gross volume of sales in excess of $500,000.

5. Defendant Dimitris Petridis is an owner of Two Dimitris Corp.

6. Defendant Petridis exercises sufficient control over Gyro World's day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

7. Defendant Petridis is regularly present at Gyro World to manage the restaurant's financials and discipline employees.

8. Upon information and belief, Defendant Petridis created the payroll policies that are the subject of this lawsuit.

9. Defendant Petridis has the authority to hire and fire employees at Gyro World.

10. Plaintiff Pozos was employed as a waitress at Gyro World from approximately September 2015 to December 2015.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees, including servers and bussers, employed by Defendants at either Gyro World location on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage and overtime rates for all hours worked. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.  The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.  Plaintiff brings the Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all tipped employees, including servers and bussers, employed by Defendants at either Gyro World location on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

15.  All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and

addresses are readily available from Defendant. Notice can be provided by means permissible under said F.R.C.P. 23.

16. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime, and spread of hours compensation, and failure to give required wage notices. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree

of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c) Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

d) Whether Defendants properly compensated Plaintiff and Class members for overtime.

e) Whether Defendants paid Plaintiff and Class members spread of hours compensation.

f) Whether Defendants provided Plaintiff and Class members with the proper wage notices.

## FACTS

### Wage and Hour Violations

22. Plaintiff's consent to sue form is attached hereto as Exhibit A.

23. Defendants committed the following alleged acts knowingly, intentionally and willfully.

24. As a waitress, Plaintiff worked approximately 35 hours per week.

25. On occasion Plaintiff worked in excess of 40 hours per workweek.

26. The exact shifts that Plaintiff worked can likely be determined through discovery in this lawsuit, provided that Defendants preserved the records which are required to be maintained by law.

27. Defendants did not pay Plaintiff any wage.

28. Plaintiff's sole compensation at Gyro World consisted of tips she received from customers.

29. Plaintiff's workdays often lasted longer than 10 hours.

30. For example, on Fridays and Saturdays Plaintiff typically worked 12 hour shifts.

31. Defendants did not pay Plaintiff any "spread of hours" premium for days on which Plaintiff's workday lasted longer than 10 hours.

32. Defendants did not provide Plaintiff with the wage notices required by N.Y. Lab. Law § 195.

33. Specifically, Defendants did not provide Plaintiff with a wage notice when she was hired.

34. Also, Defendants did not provide plaintiff with weekly wage statements.

35. Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and the Class members.

### Sexual Harrassment-Sexual Assault

36. On December 5, 2015, Plaintiff went to Defendant Petridus' office to inform him that she was pregnant.

37. During that meeting Plaintiff became emotional and began to cry.

38. Defendant Petridus approached Plaitniff, in what at first appeared to be an attempt to comfort her.

39. However, Defendant Petridus became aggressive and began to kiss Plaintiff repeatedly on her face.

40. Plaintiff attempted to rebuff Defendant Petridus and push him away. However, Defendant Petridus responded by grabbing Plaintiff in a stronger forced embrace.

41. As Plaintiff attempted to break free, Defendant Petridus became even more forceful and kissed Plaintiff's mouth. Plaintiff closed her mouth firmly and pushed Defendant Petridus away.

42. Unswayed, Defendant Petridus demanded that Plaintiff kiss him on the mouth and continued to forcefully grab her close to him.

43. Finally, Plaintiff was able to break free and leave Defendants' office.

44. Plaintiff was humiliated and physically hurt by Defendant Petridus' actions.

45. Out of fear for her physical safety, Plaintiff did not return to work at Gyro World after the incident.

### FIRST CLAIM FOR RELIEF
(FLSA Minimum Wage Violations, 29 U.S.C. § 206)
(Brought By Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

46. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

47. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff.

48. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

49. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. § 207)
### (Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

50. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

52. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek and continue to do so.

53. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

54. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as

provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)
(Brought By Plaintiff on Behalf of Herself and the Class)

55. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

56. Defendants did not pay Plaintiff and the Class members the New York minimum wage for all hours worked.

57. Defendants' failure to pay Plaintiff and the Class members the New York minimum wage was willful.

58. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
(New York Overtime Violations)
(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 137-1.3 (2010), 146-1.4 (2011))
(Brought by Plaintiff on Behalf of Herself and the Class)

59. Plaintiff, on behalf of herself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

60. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

61. Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

62. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions,**
**N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. &**
**Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 2011)**
**(Brought by Plaintiff on Behalf of Herself and the Class)**

63. Plaintiff, on behalf of herself and the Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

64. Plaintiff and the Class members regularly had workdays that lasted more than ten (10) hours.

65. Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

66. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SIXTH CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Plaintiff on Behalf of Herself and the Class)**

67. Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

68. Defendants did not provide Plaintiff and the members of the Class with the notices required by N.Y. Lab. Law § 195.

69. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

**SEVENTH CLAIM FOR RELIEF**
(New York City Human Rights Law ("NYCHRL"),
N.Y.C. Admin. L. §§ 8-101 *et seq.* – Gender Discrimination
and Constructive Discharge)
(Brought by Plaintiff on Behalf of Herself)

70. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

71. In violation of the NYCHRL, Defendants Gyro World and Petridus intentionally discriminated against Plaintiff on the basis of her sex by sexually harassing her.

72. Defendants Gyro World and Petridus made Plaintiff's working conditions so unbearable that she was unable to return to work.

73. As a direct and proximate consequence of Defendants' sexual harassment/discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income, including past and future salary.

74. As a direct and proximate consequence of Defendants' sexual harassment/discrimination against Plaintiff, she has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and

suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, humiliation and anguish.

75. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### EIGHTH CLAIM FOR RELIEF
### (Common Law Battery)
### (Brought by Plaintiff on Behalf of Herself)

76. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

77. Defendant Petridus intentionally touched Plaintiff without her consent.

78. Defendant Petridus' intentional touching of Plaintiff constituted offensive bodily contact.

79. Defendant Gyro World is liable under the doctrine of *respondeat superior*.

80. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; and such other legal and equitable relief as this Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23;

D. Designation of Plaintiff as Representative of the Class;

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. An award to Plaintiff of front pay, back pay, reimbursement for any and all lost benefits, and reimbursement for any and all medical expenses for injuries caused or exacerbated by Defendants;

G. An award to Plaintiff of compensatory damages for the emotional distress caused by Defendants' discrimination and harassment against Plaintiff;

H. An award to Plaintiff of punitive damages sufficient to punish and deter continuation of Defendants' unlawful employment practices;

I. Penalties available under applicable laws;

J. Costs of action incurred herein, including expert fees;

K. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663, N.Y.C. Admin. Code § 8-502, and other applicable statutes;

L. Pre-judgment and post-judgment interest, as provided by law; and

M. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
      December 31, 2015

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Gyro World** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_Sonia Pozos_
Full Legal Name (Print)

_[signature]_
Signature

_21/12/15_
Date