# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SONIA POZOS, on behalf of herself and all
others similarly situated,

                Plaintiff,

    v.

TWO DIMITRIS CORP. d/b/a GYRO
WORLD, and DIMITRIS PETRIDIS,

                Defendants.
-------------------------------------------------------------x

CASE NO.: 15-CV-07428

## SETTLEMENT AGREEMENT AND RELEASE

    **WHEREAS**, Sonia Pozos (hereinafter, "Plaintiff") commenced an action against Two Dimitris Corp. and Dimitris Petridis (each singularly hereinafter referred to as "Defendant," and collectively hereinafter referred to as "Defendants") on or about December 31, 2015, in the United States District Court for the Eastern District of New York (hereinafter, the "Court"), presently bearing Case Number 15-CV-07428 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), related regulations, and the New York City Human Rights Law ("NYCHRL");

    **WHEREAS**, Defendants filed their Answer on or about February 12, 2016, denying Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit;

    **WHEREAS**, Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiff has, had, or may have against Defendants, by way of this Settlement Agreement and Release ("Agreement");

    **WHEREAS**, Plaintiff's counsel of record in the Action and Defendant's counsel of record in the Action have negotiated in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims, Defendants' defenses, and the *bona fide* dispute between the Parties;

    **NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. **Payment**

    (a) In full and final satisfaction of all issues between the parties Defendants shall pay to the Plaintiffs the sum of FORTY THOUSAND DOLLARS AND ZERO CENTS ($40,000) (the "Settlement Sum"). The Settlement Sum shall be allocated as follows:

    a. $25,843.49 payable to Plaintiff Sonia Pozos. $2,856.88 of the total payment to Plaintiff shall represent alleged back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2. The remaining $22,986.61 of the total payment to Plaintiff shall represent alleged liquidated damages, interest, penalties, and damages for emotional distress and be reported on an IRS Form 1099.

    b. $14,156.51 payable to Joseph & Kirschenbaum LLP (JK) for attorneys' fees and costs (of which $1,234.77 shall represent costs). The payment for attorneys' fees and costs shall be reported on an IRS Form 1099.

    (b) The Settlement Sum shall be paid in six (6) monthly installments. The first installment shall be due ten (10) days after dismissal of this action. Subsequent installments shall be delivered to JK on the same day of each month as the first installment, unless such day falls on a weekend or legal holiday, in which that installment shall be due the following business day. The installment payments of the Settlement Sum shall consist of the following separate payments:

    |  | Sonia Pozos | Joseph & Kirschenbaum LLP |
    | --- | --- | --- |
    | Installment 1 | $4,307.25 | $2,359.41 |
    | Installment 2 | $4,307.25 | $2,359.42 |
    | Installment 3 | $4,307.25 | $2,359.42 |
    | Installment 4 | $4,307.25 | $2,359.42 |
    | Installment 5 | $4,307.25 | $2,359.42 |
    | Installment 6 | $4,307.24 | $2,359.42 |

    (c) All settlement checks shall be delivered to Joseph & Kirschenbaum LLP at 32 Broadway, Suite 601, New York, NY 10004.

    (d) Joseph & Kirschenbaum LLP shall be responsible for distributing Plaintiff's share of the Settlement Sum to Plaintiff.

2. **Confession of Judgment.**

Simultaneously with the execution of this agreement, Defendants shall each deliver to Plaintiff's counsel an original copy of an executed affidavit for confession of judgment in the form attached hereto as Exhibit 2. The affidavits for confession of judgment must bear an original signature, as opposed to a copied or electronic signature. In the event Defendants are in default in the payment of any of the installments under paragraph 1 of this Agreement, Plaintiff shall provide ten (10) calendar days notice to Defendants c/o Oscar Michelen, Esq. via electronic mail to omichelen@cuomollc.com and overnight mail sent to Oscar Michelen, Esq., Cuomo LLC, 200 Old Country Road, Suite 2 South, Mineola, NY 11501, of her intent to file the affidavits for confession of judgment with the Clerk of the Court of Queens County and/or other appropriate county in the State of New York for judgment to be entered against Defendants declaring FORTY THOUSAND DOLLARS AND ZERO CENTS ($40,000.00), less any settlement payment(s) made to date, immediately due and payable. If Defendants do not cure the defect within ten (10) days of the notice, they shall owe Plaintiff FORTY THOUSAND DOLLARS AND ZERO CENTS ($40,000.00), less any settlement payment(s) made to date, and such amount shall be immediately due in its entirety, and Plaintiff may file the affidavits for confession of judgment. Plaintiff shall be entitled to her reasonable attorneys' fees and costs incurred in effecting the confession of judgment and collecting on a judgment. In the event of any litigation to enforce a breach of this Agreement for the failure to pay monies owed under the Agreement, Plaintiff shall be entitled to receive from the Defendants reasonable attorneys' fees and costs up through and including the appellate process.

3. **Release.**

Plaintiff, in consideration of the Settlement Payment set forth in Paragraph 1, releases and forever discharges Defendants and their respective current, former, and future heirs, executors, administrators, fiduciaries, insurers, agents, attorneys parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns (Defendants and the foregoing other persons and entities are hereinafter defined separately and collectively as "Defendants' Releasees) from all actions, causes of action, claims, and demands whatsoever, except for those claims, whether known or unknown, whether asserted or unasserted, in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to or arising out of any aspect of Plaintiff's employment with Defendants, any agreement concerning such employment, or the termination of such employment, which Plaintiff or Plaintiff's heirs, executors, administrators, successors, and assigns ever had, now have, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of Plaintiff's execution of this Settlement Agreement. This release shall not apply to those claims, if any, that cannot be released as a matter of law under controlling legal authorities.

4. **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiff expressly

acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

5. **Attorneys' Fees**

Except as set forth herein, Plaintiffs and Defendants expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

6. **Acknowledgment**

Plaintiff acknowledges that she was represented by counsel of her choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that she had sufficient opportunity to consider this Agreement; that she read this Agreement and/or had this Agreement explained to them fully and carefully and understands its terms; and that she is signing it knowingly and voluntarily.

7. **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

8. **Choice of Law**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

9. **Stipulation of Dismissal and Settlement Approval**

Upon execution of this Agreement and receipt by Plaintiff's counsel of the signed original affidavits for confession of judgment, Plaintiffs shall submit the Agreement together with the Stipulation of Dismissal annexed hereto as Exhibit 1 to the Court for approval.

10. **Effective Date**

This Agreement shall become effective immediately upon execution.

11. **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

12. **Facsimile and Email Signatures.**

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This Paragraph 12 does not apply to the signatures on the affidavits for confession of judgment, which must bear original signatures and not facsimile or e-mailed signatures.

13. **Severability.**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

_____ Date: 7/13, 2016
Sonia Pozos

_____ Date: _____, 2016
Two Dimitris Corp.
By:
Its:

_____ Date: _____, 2016
Dimitris Petridis

12. **Facsimile and Email Signatures.**

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This Paragraph 12 does not apply to the signatures on the affidavits for confession of judgment, which must bear original signatures and not facsimile or e-mailed signatures.

13. **Severability.**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

_____ Date: _____, 2016
Sonia Pozos

_____ Date: \_\_\_7|15\_\_\_, 2016
Two Dimitris Corp.
By:
Its:

_____ Date: \_\_\_7|15\_\_\_, 2016
Dimitris Petridis

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SONIA POZOS, on behalf of herself and all
others similarly situated,

                     CASE NO.: 15-CV-07428

        Plaintiff,

v.

TWO DIMITRIS CORP. d/b/a GYRO
WORLD, and DIMITRIS PETRIDIS,

        Defendants.
-------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs to any party against any other. This Stipulation may be filed with the Court without further notice to any party. This Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

Dated: New York, New York
       July 15, 2016

For the Plaintiffs:
JOSEPH & KIRSCHENBAUM LLP

By: _____
Denise A. Schulman
Attorneys for Plaintiffs
32 Broadway, Suite 601
New York, New York 10004

For the Defendants:
CUOMO LLC

By: _____
Oscar Michelen, Esq.
Attorneys for Defendants
200 Old Country Road, Suite 2 South
Mineola, NY 11501

                              So Ordered

                              _____
                              Hon. Steven M. Gold (U.S.M.J.)

Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SONIA POZOS, on behalf of herself and all
others similarly situated,

           CASE NO.: 15-CV-07428

      Plaintiff,

v.

TWO DIMITRIS CORP. d/b/a GYRO
WORLD, and DIMITRIS PETRIDIS,

      Defendants.
-----------------------------------------------------------X

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK  )
                        ) ss.:
COUNTY OF Queens  )

Dimitris Petridis, being duly sworn, deposes and says:

1. I am the _owner_ of Two Dimitris Corp. ("Two Dimitris"), a Defendant in the above-captioned action.

2. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff Sonia Pozos's ("Plaintiff") application for the entry of a judgment by confession against J&J Beauty.

3. Two Dimitris' address is 194-21 Northern Blvd, Flushing NY

4. This is a judgment to be confessed for money due. The facts out of which the debt arose and the sum confession due are set forth below.

5. Plaintiff's lawsuit (the "Lawsuit") alleged that Defendants (1) did not pay Plaintiff all minimum wage, overtime, and spread of hours compensation due; (2) failed to provide Plaintiff with the notices required by New York law; (3) discriminated against Plaintiff on the basis of her sex; and (4) committed a battery against Plaintiff. Defendant denies all of

1

Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit. Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

6. In or around June 2016, the parties executed an Agreement and Release ("Agreement") in which the Defendants agreed to pay Forty Thousand Dollars ($40,000.00) in six (6) monthly payments beginning ten (10) days following dismissal of the Lawsuit.

7. Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiffs shall provide ten (10) calendar days' notice to Defendants of their intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction. Defendants shall have ten (10) days to remedy their default. If Defendants do remedy their default within ten (10) days of such notice, Defendants shall owe Plaintiff $40,000, less any settlement payments already made, and such amount shall be immediately due and payable.

8. If Defendants do not remedy their default within ten (10) days of receipt of such notice, I hereby authorize the entry of judgment in the amount of Forty Thousand Dollars ($40,000.00), plus all reasonable attorneys' fees and costs incurred by Plaintiffs in collecting this sum, and less any payment made by Defendants under the Agreement.

9. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against Two Dimitris.

10. This affidavit has been translated into Mandarin for me.

Dated: Queens, New York
July 15, 2016

By: _____
Two Dimitris Corp.
Name:
Title:

Sworn to before me this

2

15 day of July, 2016

_____
Notary Public

KONSTANTINOS KAPATOS
Notary Public, State of New York
No. 02KA627226
Qualified in Queens County
Commission Expires Nov. 13, 2___

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SONIA POZOS, on behalf of herself and all
others similarly situated,

                       CASE NO.: 15-CV-07428

        Plaintiff,

v.

TWO DIMITRIS CORP. d/b/a GYRO
WORLD, and DIMITRIS PETRIDIS,

        Defendants.
------------------------------------------------------------x

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK   )
                             ) ss.:
COUNTY OF Queens   )

DIMITRIS PETRIDIS, being duly sworn, deposes and says:

1. I am a Defendant in the above-captioned action.

2. My address is 194-21 Northern Blvd, Flushing NY.

3. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff Sonia Pozos's ("Plaintiff") application for the entry of a judgment by confession against me.

4. This is a judgment to be confessed for money due. The facts out of which the debt arose and the sum confession due are set forth below.

5. Plaintiff's lawsuit (the "Lawsuit") alleged that Defendants (1) did not pay Plaintiff all minimum wage, overtime, and spread of hours compensation due; (2) failed to provide Plaintiff with the notices required by New York law; (3) discriminated against Plaintiff on the basis of her sex; and (4) committed a battery against Plaintiff. Defendant denies all of Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack

1

merit. Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

6. In or around June 2016, the parties executed an Agreement and Release ("Agreement") in which the Defendants agreed to pay Forty Thousand Dollars ($40,000.00) in six (6) monthly payments beginning ten (10) days following dismissal of the Lawsuit.

7. Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments, Plaintiff shall provide ten (10) calendar days' notice to Defendants of their intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction. Defendants shall have ten (10) days to remedy their default. If Defendants do remedy their default within ten (10) days of such notice, Defendants shall owe Plaintiff $40,000, less any settlement payments already made, and such amount shall be immediately due and payable.

8. If Defendants do not remedy their default within ten (10) days of receipt of such notice, I hereby authorize the entry of judgment in the amount of Forty Thousand Dollars ($40,000.00), plus all reasonable attorneys' fees and costs incurred by Plaintiff in collecting this sum, and less any payment made by Defendants under the Agreement.

9. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction against me.

Dated: Queens, New York
July 15, 2016

By: _____
Dimitris Petridis

Sworn to before me this

15 day of July, 2016

_____

KONSTANTINOS KAPATOS
Notary Public, State of New York
No. 02KA627226
Qualified in Queens County
Commission Expires Nov. 13, 2016

2

Notary Public